## Oliver C. Kelsey

*v.*

## William Henry.

1. Damages—*what will not be considered excessive.* In an action of trespass, where the proofs showed an assault of an outrageous character made upon the plaintiff, and without provocation, a verdict for $600 cannot be considered unreasonable, the court having properly instructed the jury, that they could find exemplary damages, if they believed the evidence showed an aggravated assault.

2. New trial—*improper evidence.* And in such case, the judgment will not be reversed because the court below admitted improper evidence, when, from the entire record, it is apparent that its admission had no influence on the verdict of the jury.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

The opinion states the case sufficiently.

Messrs. Ketcham & Atkins, for the appellant.

Mr. H. Case, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court :

This was an action of trespass, for a very outrageous and wholly unprovoked assault by a landlord upon one of his guests. The jury gave a verdict for $600, which cannot be considered unreasonable, the court having properly told them they could find punitive damages if they believed the evidence showed an aggravated assault. The only error now relied upon for a reversal of the judgment is, that the court permitted the plaintiff to prove he had employed counsel to attend

to his suit, and that he had himself come three times from St. Louis to attend to the case, and thereby lost four days.

This evidence was not legally admissible against the objections of the defendant, and we should reverse the judgment if it were not evident, from the entire record, that the admis sion of this evidence cannot have influenced the verdict of the jury. The jury knew, without proof, that the plaintiff had employed counsel to attend to his case, for they saw the counsel before them. They knew the plaintiff lived in St. Louis, for that fact had already been proven without objection, and knowing that fact, they would presume he could not attend a trial in Morgan county without losing several days' time. No evidence was given as to what fee plaintiff was to pay counsel, or what expenses he had incurred in coming from St. Louis, or the pecuniary value of the time lost. But besides all this, it is perfectly evident that the jury found their verdict upon the basis of punitive damages, with which the loss by plaintiff of four days' time had nothing whatever to do. Plain as it is that this evidence had no influence on the finding of the jury, and just as their verdict was, we are not disposed to reverse this judgment for an error which can have worked the appellant no prejudice.

The judgment of the court below must be affirmed.

*Judgment affirmed.*